UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. DIBENEDETTO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DEBORAH DIAZ,<br><br>    Defendant. | CASE NO. 1:17-cv-01605-DAD-MJS<br><br>**ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO AMEND OR RESPOND**<br><br>(ECF NO. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Frank DiBenedetto is proceeding pro se and in forma pauperis in this complaint brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. His complaint is before the Court for screening.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

"Actions under [42 U.S.C.] § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum, 940 F.2d at 409.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III. Plaintiff's Allegations**

Plaintiff's allegations can be fairly summarized as follows: Plaintiff was employed by the U.S. Postal Service. On November 28, 2017, Defendant Diaz, apparently Plaintiff's acting manager, verbally harassed Plaintiff and kept him in the manager's room against his will by slamming the door as he was leaving and blocking his exit. She then ordered Plaintiff to sit down. Plaintiff responded that he was uncomfortable and wanted to leave. Diaz refused to allow him to leave. She asked for his time card. Plaintiff explained several times to Diaz that she needed to let him leave.

Plaintiff was given two days off and told not to return to United States Postal Property. Plaintiff was removed from the postal service.

Plaintiff seeks reinstatement and money damages.

**IV. Analysis**

    **A. Fourth Amendment**

Plaintiff seeks to bring a Fourth Amendment claim against Defendant Diaz for not allowing him to leave the manager's office.

Such a claim is governed by the Bivens ruling, the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). A Bivens action arises out of illegal or inappropriate conduct on the part of a federal official or agent in violation of a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). Bivens allows for liability for individuals who are in direct employ of the federal government,

including postal workers. See e.g., White v. United States Postal Serv., No. 12cv1283-LAB (MDD), 2012 U.S. Dist. LEXIS 126125, at *6 (S.D. Cal. Aug. 27, 2012).

The Ninth Circuit applies the same standards to Bivens actions as actions under § 1983 except for substituting a federal actor. Van Strum, 940 F.2d at 409 (9th Cir.1991) (applying same statute of limitations to Bivens actions as is applied to actions brought pursuant to section 1983). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniels v. Williams, 474 U.S. 327 (1986). Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Bivens itself provides for a private right of action against federal officers for violations of the Fourth Amendment. Bivens, 403 U.S at 392-97. The Fourth Amendment "guarantees to citizens of the United States the absolute right to be free from unreasonable searches and seizures carried out by virtue of federal authority." Id., 403 U.S. at 392. The Fourth Amendment prohibits "unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002); Ramirez v. City of Buena Park, 560 F.3d 1012, 1020 (9th Cir. 2009). Under the Fourth Amendment, a detention or seizure of a person occurs when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen . . . ." United States v. Orman, 486 F.3d 1170, 1175 (9th Cir. 2007).

The Fourth Amendment is "applicable to the activities of civil as well as criminal authorities." New Jersey v. T. L. O., 469 U.S. 325, 335 (1985) *accord* O'Connor v. Ortega, 480 U.S. 709, 715 (1987). The Supreme Court has held that the Fourth

Amendment's prohibition on unreasonable searches and seizures applies to public school officials, see T. L. O., 469 U.S. at 335, building inspectors, see Camara v. Municipal Court, 387 U.S. 523, 528 (1967), Occupational Safety and Health Act inspectors, see Marshall v. Barlow's Inc., 436 U.S. 307, 312-13 (1978), and firemen entering privately owned premises to battle a fire, see Michigan v. Tyler, 436 U.S. 499, 506 (1978).

However, while the Fourth Amendment has been held to apply to governmental conduct outside the realm of law enforcement, "the types of non-law enforcement conduct to which the [Supreme] Court has extended the scope of the amendment are… typically motivated by some sort of investigatory or administrative purpose designed to elicit a benefit for the government." United States v. Attson, 900 F.2d 1427, 1430 (9th Cir. 1990), *cert. denied* 498 U.S. 961 (1990). Therefore, in order for non-law enforcement governmental conduct to be considered a search or seizure under the Fourth Amendment, such conduct must have "as its purpose the intention to elicit a benefit for the government in either its investigative or administrative capacities." Id. at 1431.

A seizure of the person includes not only a full-fledged arrest, but also "investigatory detentions," see Davis v. Mississippi, 394 U.S. 721, 726 (1969), and any other "detention of [a person] against his will," see Cupp v. Murphy, 412 U.S. 291, 294 (1973). See also Ganwich v. Knapp, 319 F.3d, 1115, 1120 n.7 (9th Cir. 2003) (acknowledging that plaintiffs were seized within meaning of Fourth Amendment while assuming that plaintiffs' detention did not mature into a full-fledged arrest). However, an encounter between a government official and an individual "will not trigger Fourth Amendment scrutiny unless it loses its consensual nature." Florida v. Bostick, 501 U.S. 429, 434 (1991). A seizure occurs only when a person submits to the show of lawful authority or the application of physical force by an officer acting in the role of a law enforcement agent rather than as a public employer or supervisor and must be effected

by physical force or a show of lawful authority. See California v. Hodari D., 499 U.S. 621, 626-27 (1991); see also Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968) ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred.").

"An individual's voluntary choices may give rise to a limitation on freedom that does not equate to a seizure by law enforcement." Myers v. Baca, 325 F. Supp. 2d 1095, 1105 (C.D. Cal. 2004). This is true of the work environment. While it is well-established that "searches and seizures by government employers or supervisors of the private property of their employees … are subject to the restraints of the Fourth Amendment," O'Connor v. Ortega, 480 U.S. 709, 715, (1987), it is clear that "[o]rdinarily, when people are at work their freedom to move about has been meaningfully restricted, not by the actions of law enforcement officials, but by the workers' voluntary obligations to their employers." INS v. Delgado, 466 U.S. 210, 218 (1984). See also Driebel v. City of Milwaukee, 298 F.3d 622, 642 (7th Cir. 2002) (noting that "the possibility or even probability of adverse employment action - as opposed to physical detention - cannot enter [the] analysis" as to whether employees in a particular case have been "seized.")

Here, Plaintiff alleges he was detained in a room by physical actions and verbal commands of a federal employee, but not pursuant to any investigatory action. For a detention to constitute a seizure it must elicit an investigatory or administrative benefit for the government. See Attson, 900 F.2d at 1430. Absent extraordinary circumstances not alleged here, a postal employee such as Defendant Diaz would have no governmental authority to detain Plaintiff, and so Plaintiff could not reasonably have believed that he had been detained pursuant to the federal government's investigatory powers. Indeed, the Complaint is unrevealing as to whether Diaz was at the time acting under color of law or for purely personal reasons. See Gritchen v. Collier, 254 F.3d 807, 812-13 and n.6 (9th Cir. 2001) (holding that not everything government officers do is done under color of law). Bivens actions may only be brought against officials acting under color of federal

law. See Boney v. Valline, 597 F. Supp. 2d 1167, 1174-75 (D.Nev. 2009). The facts as alleged here do not support a finding that Plaintiff was detained pursuant to an action taken under the color of federal law or as part of her investigatory duties.

To the extent that Defendant Diaz was Plaintiff's "acting manager", she apparently was acting under her authority as a federal employee supervisor of Plaintiff. A seizure does not occur in such an employment context unless the person being seized believes that attempting to leave would trigger more adverse consequences than mere loss of employment. See INS, 466 U.S. at 218; Driebel, 298 F.3d at 642. It appears here Plaintiff was physically capable of leaving notwithstanding Defendant's demands. Even though it appeared quite likely that doing so would have adverse employment consequences, Defendant's implied threat of same does not constitute a seizure prohibited by the Fourth Amendment. Michigan v. Chesternut, 486 U.S. 567, 569 (1988).

This claim is not cognizable as pled.

**B. Verbal Harassment**

Plaintiff complains that he was verbally harassed. Mere threats or verbal harassment do not constitute a constitutional violation. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (verbal harassment by public officer was not a constitutional violation).

This claim is not cognizable now or through amendment.

**C. Federal Tort Claims Act ("FTCA")**

The facts as alleged may reflect the possibility of claims under the Federal Tort Claims Act ("FTCA") for false imprisonment, wrongful termination, negligent and intentional infliction of emotional distress, and/or other common law theory.

"The United States can be sued only to the extent that it waives its sovereign immunity from suit." Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003). "The FTCA waives the federal government's sovereign immunity for tort claims arising

out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred." Green v. United States, 630 F.3d 1245, 1249 (9th Cir. 2011). The United States is the only proper defendant under the FTCA. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

Additionally, the FTCA only authorizes a suit after a claimant has exhausted all administrative remedies. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).This requirement arises from 28 U.S.C. § 2675(a), which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The Ninth Circuit has explained that, to satisfy § 2675(a), "the claimant or his legal representative [must] file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation [into the matter], and (2) a sum certain damages claim." Warren v. U.S. Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984) (en banc). The claim should "put the agency on notice of every essential feature of the plaintiffs' case, allowing the agency to investigate and, if possible, settle the case before it [goes] to court." Brady, 211 F.3d at 503. A "skeletal" claim will suffice if it "inform[s] the agency of the nature of the alleged injury and the amount of damages." Id. at 502-03 (describing Avery v. United States, 680 F.2d 608 (9th Cir. 1982)).

The timely filing of an administrative claim is a jurisdictional prerequisite to bringing of a suit under the FTCA and should be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (citing Caton v. United States, 495 F.2d 635 (9th Cir. 1974)); see also Saleh v. Bush, 848 F.3d 880, 887 n.4 (9th Cir. 2017).

Even in a pro se case, "[a] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." Gillespie, 629 F.2d at 640; see also Mendoza v. United States, 661 F. App'x 501, 501-02 (9th Cir. 2016).

In an FTCA claim the United States is the only proper defendant. Kennedy, 145 F.3d at 1078. Here, Plaintiff brought a claim against an individual defendant, not the United States. (Plaintiff has not in any event alleged exhaustion of administrative remedies.) Thus, this Court does not have the jurisdiction to consider this claim. See Tritz v. United States Postal Serv., 721 F.3d 1133, 1141 (9th Cir. 2013) (upholding a district court's dismissal of Plaintiff's FTCA claims against the Postal Service for failure to allege exhaustion in the complaint). To plead a cognizable claim Plaintiff must name the United States as a defendant and allege that he has submitted his claims to the United States Postal Service. Although Plaintiff's claim is not cognizable, the Court will provide the legal standards for the federal torts Plaintiff may be wishing to bring in the event that he wishes to amend and he alleges that he has exhausted his administrative remedies.[1]

### 1. False Imprisonment

State law provides the substantive law governing an FTCA claim. Conrad v. United States, 447 F.3d 760, 767 (9th Cir. 2006) ("In assessing the United States' liability under the FTCA, we are required to apply the law of the state in which the alleged tort occurred."); 28 U.S.C. § 1346(b)(1) ("the United States . . . [is] liable to the claimant in accordance with the law of the place where the act or omission occurred").

Here, the Court applies California law to Plaintiff's false imprisonment claim. See Tekle v. United States, 511 F.3d 839, 853 (9th Cir. 2007) (collecting cases where courts applied California law to FTCA claim for false imprisonment). Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v.

---

[1] Conceivably, Plaintiff could bring state law claims against Defendant Diaz personally, but this Court would have no independent jurisdiction over such claims without a cognizable federal claim having been found to exist. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (noting that "if the federal claims are dismissed before trial, . . . state claims should be dismissed as well.")

City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757, 63 Cal. Rptr. 2d 842, 937 P.2d 273 (1997)). The elements of false imprisonment are: "(1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief." Bocanegra v. Jakubowski, 241 Cal. App. 4th 848, 855, 194 Cal. Rptr. 3d 327 (2015) (internal quotations omitted).

### 2. Wrongful Termination

Plaintiff may not bring a claim for wrongful termination against the Postal Service under the FTCA.

The Civil Service Reform Act ("CSRA") allows federal employees to challenge prohibited personnel practices by their supervisors. 5 U.S.C. § 2302. The Postal Reorganization Act ("PRA"), 39 U.S.C. § 1001 et seq., applies certain provisions of the CSRA to United States Postal Service employees, including Chapter 75 of the CSRA. 39 U.S.C. § 1005(a)(1). Chapter 75 of the CSRA provides procedural safeguards for covered employees who suffer adverse personnel actions, such as suspensions and terminations. The CSRA, in conjunction with the PRA, preempts actions for torts under the Federal Tort Claims Act. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Saul v. United States, 928 F.2d 829, 841-42 (9th Cir. 1991); Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991). Because the relevant provisions of the CSRA and the PRA constitute a comprehensive scheme governing employment relations, employment-related tort actions under the FTCA are precluded. This claim is not cognizable and any amendment to the complaint would be futile.

If Plaintiff wishes to seek relief for termination decisions, under the PRA Plaintiff may appeal termination decisions to the Merit Systems Protection Board see 5 U.S.C. § 7513(d), and decisions of the Merit Systems Protection Board may be reviewed by the United States Court of Appeals for the Federal Circuit. See id. §§ 7703(a)(1) & (b)(1).

### 3. Negligent and Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales, 567 F.3d at 571. Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendant was aware. Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2003).

The negligent infliction of emotional distress "is not an independent tort; it is the tort of negligence, involving the usual duty and causation issues." Carney v. Rotkin, 206 Cal. App. 3d 1513, 1524, 254 Cal. Rptr. 478, 484 (1988). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

### V. Conclusion and Order

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards

v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

4. If Plaintiff fails to comply with this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: February 1, 2018      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE