UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. DIBENEDETTO, JR, <br><br> Plaintiff, <br><br> v. <br><br> DEBORAH DIAZ, et al., <br><br> Defendants. | CASE NO. 1:17-cv-01605-MJS (PC) <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE** <br><br> (ECF No. 4) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Frank DiBenedetto is proceeding pro se and in forma pauperis in this complaint brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

On February 01, 2018, the Court screened Plaintiff's complaint, concluded it stated no cognizable claims, and ordered Plaintiff within 30 days to either file an amended complaint or a notice of voluntary dismissal, or to notify the Court that he wished to stand on his complaint as written. (ECF No. 4.) The thirty day response deadline has passed without Plaintiff filing an amended pleading; notice of voluntary dismissal; notice of electing to stand on his complaint; or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these

Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. <u>See, e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either:
    a. File an amended complaint, notice of voluntary dismissal, notice of electing to stand on his complaint, or
    b. Show cause as to why this action should not be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with the Court's order (ECF No. 4); and
2. If Plaintiff fails to comply with this order, the undersigned will recommend that the action be dismissed, with prejudice.

IT IS SO ORDERED.

Dated:   March 15, 2018           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE